IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**AMBREA FAIRCHILD**                                                                                      **PLAINTIFF**

**V.**                                                           **CIVIL ACTION NO. 2:13-CV-92-KS-MTP**

**ALL-AMERICAN CHECK CASHING, INC.**                                              **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

For the reasons stated below, the Court **grants in part and denies in part** Plaintiff's Motion to Strike [61] Defendant's designation of Brian T. Farrington.

### I. BACKGROUND

This case involves claims under Title VII[1] and the Fair Labor Standards Act ("FLSA").[2] Plaintiff was the manager of a branch of Defendant All-American Check Cashing, Inc. in Hattiesburg, Mississippi. She claims that Defendant routinely required her to work more than forty hours per week without overtime compensation as required by the FLSA. She also claims that Defendant fired her because she was pregnant, violating Title VII.

Defendant designated Brian T. Farrington as an expert in wage and hour matters, and Plaintiff filed a motion to strike [61] the designation. The motion is ripe for review.

### II. DISCUSSION

---

[1] 42 U.S.C. § 2000e, *et seq.*

[2] 29 U.S.C. § 201, *et seq.*

Plaintiff argues that Farrington's testimony constitutes inadmissible legal opinions concerning the application of the FLSA's administrative exemption. The FLSA requires employers to pay overtime compensation to employees who work more than forty hours a week. 29 U.S.C. § 207(a)(1). But it "excludes from the requirement those employees working in [a] bona fide . . . administrative capacit[y]." *Cheatham v. Allstate Ins. Co.*, 465 F.3d 578, 584 (5th Cir. 2006); *see also* 29 U.S.C. § 213(a)(1). The Secretary of Labor promulgated regulations which define the contours of the "administrative capacity" exemption. 28 U.S.C. § 213(a)(1); *see e.g.* 29 C.F.R. §§ 541.200-541.204, 541.700-541.704.

Different types of findings are required when determining an employee's exemption status under the regulations. The Court "first asserts findings of historical fact, which include such findings as whether the employer controlled the number of hours the employee worked." *Lott v. Howard Wilson Chrysler-Plymouth, Inc.*, 203 F.3d 326, 331 (5th Cir. 2000); *see also Mando v. C.A.L. Realty Group, Inc.*, No. 1:06-CV-698-LG-RHW, 2007 U.S. Dist. LEXIS 42361, at *4 (S.D. Miss. June 11, 2007). Second, the Court "must make inferences from the facts in applying the regulations and interpretations . . . ." *Lott*, 203 F.3d at 331. "Lastly, the district court must make the ultimate determination of whether an employee was exempt." *Id.*; *see also Cheatham*, 465 F.3d at 584. While the ultimate question of whether the employee is exempt from the FLSA's overtime compensation provisions is a question of law, subsidiary questions regarding her employment history and factual inferences therefrom are questions of fact. *Cheatham*, 465 F.3d at 584-86; *Tyler v. Union Oil Co.*, 304 F.3d 379, 402-03 (5th

2

Cir. 2002); *Lott*, 203 F.3d at 330-31; *Smith v. Jackson*, 954 F.2d 296, 298 (5th Cir. 1992); *Mando*, 2007 U.S. Dist. LEXIS 42361 at *4.[3]

According to Farrington's expert report [72-3], he was retained to "provide a professional opinion on whether Plaintiff's work contained some of the elements of the administrative exemption as applied by the U.S. Department of Labor, Wage and Hour Division." He provided the following opinion: "Plaintiff's job duties met certain of the elements of the administrative exemption, as enforced by the USDOL/WH. Her work was administrative in nature, and some of her work involved the exercise of discretion and independent judgment with regard to matters of significance." In other words, Farrington intends to express his opinion that Plaintiff is exempt from the FLSA's overtime compensation provisions under the administrative exemption – a question of law to be determined by the Court.

Rule 702 provides that an expert witness may provide opinion testimony if "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue . . . ." FED. R. EVID. 702(a). Proposed expert testimony which offers a legal opinion is inadmissible, *Estate of Sowell*

---

[3]*See also Icicle Seafoods, Inc. v. Worthington*, 475 U.S. 709, 714, 106 S. Ct. 1527, 89 L. Ed. 2d 739 (1986) (question of how employee spent time was one of fact, while question of whether the activity was excluded from FLSA overtime coverage was one of law); *Henry v. Quicken Loans, Inc.*, 698 F.3d 897, 901 (6th Cir. 2012) (the jury resolves disputes of underlying facts, credibility of witnesses, while the court makes the ultimate legal determination as to the administrative exemption); *Jarrett v. ERC Props.*, 211 F.3d 1078, 1081 (8th Cir. 2000) ("Disputes regarding the nature of an employee's duties are questions of fact, but the ultimate question whether an employee is exempt under the FLSA is an issue of law.").

*v. United States*, 198 F.3d 169, 171 (5th Cir. 1999), as such testimony does not "help the trier of fact to understand the evidence or determine a fact in issue . . . ." FED. R. EVID. 702(a). "[I]t is for the court to determine if a set of facts gives rise to liability; it is for the jury to determine if those facts exist." *Dade County v. Alvarez*, 124 F.3d 1380, 1383 (11th Cir. 1997) (FLSA case involving question of whether activity was "work" as defined in the statute). Farrington's proposed opinion testimony concerns one of the ultimate legal determinations in the case, and it is not admissible.

### III. CONCLUSION

For all the reasons stated above, the Court **grants** Plaintiff's Motion to Strike [61] Farrington's designation insofar as he intends to express an opinion concerning the application of the labor regulations to Plaintiff's job duties and whether those duties fall within the administrative exemption. The Court **denies** the Motion to Strike [61] insofar as Farrington's testimony does not run afoul of this opinion or otherwise address the legal question of whether Plaintiff's job duties fell within the scope of the administrative exemption. The Court declines, however, to sift through Farrington's report and determine which statements, if any, are admissible and which are not.

SO ORDERED AND ADJUDGED this 16th day of July, 2014.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE