IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**AMBREA FAIRCHILD**                                                                **PLAINTIFF**

**V.**                                                 **CIVIL ACTION NO. 2:13-CV-92-KS-MTP**

**ALL-AMERICAN CHECK CASHING, INC.**                      **DEFENDANT**

### ORDER

For the reasons stated below, the Court **grants in part and denies in part** Defendant's Motions to Strike [83, 85, 87, 94, 98, 100] certain affidavits provided by Plaintiff as exhibits to briefing on the pending dispositive motions.

Defendant primarily argues that the affidavits [78-2, 78-3, 78-4, 90-4, 90-5, 90-6] must be stricken under the "sham affidavit" doctrine. Defendant contends that portions of the affidavits directly contradict the affiants' prior deposition testimony. The Fifth Circuit "does not allow a party to defeat a motion for summary judgment using an affidavit that impeaches without explanation sworn testimony." *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 495 (5th Cir. 1996). But "every discrepancy contained in an affidavit does not justify a district court's refusal to give credence to such evidence." *Kennett-Murray Corp. v. Bone*, 622 F.2d 887, 893 (5th Cir. 1980). "When an affidavit merely supplements rather than contradicts prior deposition testimony, the court may consider the affidavit when evaluating genuine issues in a motion for summary judgment." *S.W.S. Erectors*, 72 F.3d at 496. An affidavit may clarify or amplify facts "by giving greater detail or additional facts not previously provided in the deposition." *Id.*

Many of the disputed statements from the affidavits are so vague that they have little evidentiary value, and some are conclusory statements with *no* evidentiary value. Some of the disputed statements are incomplete, at best, and misleading, at worst. The affidavits were obviously crafted to provide maximum support for Plaintiff's claims without as few details or specific facts as possible. This dearth of simple, straightforward facts is troubling insofar as the FLSA's administrative exemption analysis is fact-intensive.

On the other hand, at several points in its briefing Defendant effectively misrepresented deposition testimony by failing to provide its full context. Furthermore, Defendant's briefing is rife with sophistic, hyper-technical arguments that do not materially assist the Court in conducting a full and fair evaluation of the evidence. In summary, if Plaintiff's counsel is guilty of attempting to manipulate the Court through vague, conclusory affidavit testimony, then Defendant's counsel is likewise guilty of attempted manipulation through disingenuous argument and out-of-context deposition excerpts.

The Court **grants in part and denies in part** Defendant's Motions to Strike [83, 85, 87, 94, 98, 100]. The Court declines to sift through the affidavits line-by-line and address each of Defendant's arguments. However, the Court will only rely upon Plaintiff's affidavits to the extent they provide relevant, admissible evidence which creates a genuine dispute of material fact. The Court is able to discern genuine admissible evidence from "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation . . .

.” *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002). If the Court intends to rely upon a disputed portion of the affidavits when rendering a decision on the pending dispositive motions, it will address Defendant's objections in greater detail.

SO ORDERED AND ADJUDGED this 11th day of August, 2014.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE