IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**AMBREA FAIRCHILD**                                                                                            **PLAINTIFF**

**V.**                                       **CIVIL ACTION NO. 2:13-CV-92-KS-MTP**

**ALL AMERICAN CHECK CASHING, INC.**                           **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

For the reasons stated below, the Court **denies** Defendant's Motion for Summary Judgment [75] and **denies** Plaintiff's Motion for Partial Summary Judgment [77].

**I. BACKGROUND**

This case involves claims under Title VII[1] and the Fair Labor Standards Act ("FLSA")[2] against a payday loan company. Plaintiff began working for Defendant All American Check Cashing, Inc. in December 2011. She was promoted to manager of Defendant's Hattiesburg location in April 2012. She claims that Defendant routinely required her to work more than forty hours per week without overtime compensation as required by the FLSA. In September 2012, Plaintiff was demoted from manager to manager trainee, and on January 23, 2013, she was fired. Plaintiff claims that Defendant fired her because she was pregnant, violating Title VII. The parties' cross-motions for summary judgment are ripe for review.

---

[1] 42 U.S.C. § 2000e, *et seq.*

[2] 29 U.S.C. § 201, *et seq.*

## II. DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [75]

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc.*, 627 F.3d at 138. "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812.

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009). When deciding whether a genuine fact issue exists, "the court must view the facts and the inference to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

*A.   Title VII*

Plaintiff claims that Defendant terminated her because she was pregnant, violating Title VII. "Title VII . . . prohibits various forms of employment discrimination, including discrimination on the basis of sex." *EEOC v. Houston Funding II., Ltd.*, 717 F.3d 425, 427 (5th Cir. 2013); *see also* 42 U.S.C. § 2000e-2(a)(1). Under Title VII, "the terms 'because of sex' or 'on the basis of sex' include, but are not limited to, because of

2

or on the basis of pregnancy, childbirth, or related medical conditions." *Houston Funding II*, 717 F.3d at 427; *see also* 42 U.S.C. § 2000e(k).

The Court analyzes pregnancy discrimination claims based on circumstantial evidence under the burden-shifting framework established by *McDonnell-Douglas Corp. v. Green,* 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003). "Under this framework, the plaintiff must first create a presumption of discrimination by making out a prima facie case of discrimination." *Id.* To make out a prima facie case, the plaintiff must show that (1) she is a member of a protected class, (2) that she was qualified for the job from which she was terminated, (3) that she was terminated, and (4) that she was treated less favorably than other similarly situated employees outside her class. *Haire v. Bd. of Supervisors of La. State Univ.*, 719 F.3d 356, 363 (5th Cir. 2013). The burden "is not onerous," and it is "necessarily a flexible standard that must be adapted to the factual circumstances of the case." *Turner v. Kan. City S. Ry. Co.*, 675 F.3d 887, 892 (5th Cir. 2012).

"The burden then shifts to the employer to produce a legitimate, nondiscriminatory reason for her termination." *Laxton*, 333 F.3d at 578; *see also Haire*, 719 F.3d at 362-63. "The employer's burden is one of production, not persuasion, and does not involve a credibility assessment." *Black v. Pan Am Labs., LLC*, 646 F.3d 254, 259 (5th Cir. 2011).

In the final stage of the analysis, the burden shifts back to the plaintiff to prove that the "defendant's articulated reason is merely a pretext for [sex] discrimination

3

(the pretext alternative), or that the defendant's reason, while true, is only one of the reasons for its decision, and another 'motivating factor' is the plaintiff's protected characteristic (the mixed-motives alternative)." *Autry v. Fort Bend Indep. Sch. Dist.*, 704 F.3d 344, 347 (5th Cir. 2013); *see also Vaughn v. Woodforest Bank*, 665 F.3d 632, 636 (5th Cir. 2011). The plaintiff "bears the ultimate burden of persuading the trier of fact by a preponderance of the evidence that the employer intentionally discriminated against her because of her protected status." *Laxton*, 333 F.3d at 578.

    *1.*    *Prima Facie Case*

The first and third elements of the prima facie case are undisputed. Plaintiff was pregnant, and Plaintiff was fired. Defendant argues, though, that Plaintiff can not meet her burden of proving the second and fourth elements of a prima facie case.

First, Defendant argues that Plaintiff was not qualified for her position, citing the Hattiesburg branch's poor performance under her management. Indeed, Plaintiff admitted [76-1] that the store's "NSF" percentage suffered during her tenure as manager and manager trainee. Plaintiff also admitted that she was "written up" on several occasions in September 2012 for infractions such as working too late or failing to meet sales goals.

However, Daniel Fowler, the manager of All American's Hattiesburg branch, testified [90-8] that the Hattiesburg location's poor performance was caused by a combination of understaffing and rapid growth. Also, Plaintiff testified [76-1] that the store "got away from" her because she needed more employees. When she first started as manager, the Hattiesburg branch was in a small storefront near Kamper Park.

After it moved to a larger store near the corner of Highway 49 and Hardy Street – a high-traffic location with no direct competitors nearby – its total business increased by over 300%. Plaintiff also testified that many of the stores problems began while she was out on medical leave. These facts are sufficient to create a genuine dispute of material fact as to whether the store's performance issues were Plaintiff's fault.

Next, Defendant argues that Plaintiff can not meet the final element of a prima facie case – that she was treated less favorably than similarly situated employees outside her class. Plaintiff testified that the company standard was for each location to have an "NSF" rate of less than 20% [117]. She presented evidence that a similarly situated male employee – Daniel Fowler, manager of the Hattiesburg location – had "NSF" percentages over twenty percent for six months [90-13], but he was not terminated. Therefore, she met her initial burden.

*2.    Reason for Termination*

Defendant claims in briefing that Plaintiff was terminated for insubordination – specifically, "undermining her manager and going behind his back." Insubordination is a legitimate, nondiscriminatory reason for termination. *See Burrell v. Dr. Pepper/Seven Up Bottling Group, Inc.*, 482 F.3d 408, 416 (5th Cir. 2007); *LeMaire v. Louisiana*, 480 F.3d 383, 390 (5th Cir. 2007).

*3.    Pretext*

Plaintiff presented sufficient evidence to create a genuine dispute of material fact as to whether Defendant's proffered explanation is true. Despite Defendant's claim in briefing that insubordination was the sole reason that Plaintiff was fired, Mark

5

Hendricks – Plaintiff's area supervisor – testified [90-12] that Plaintiff was terminated for "lack of performance, morale." As discussed above, Plaintiff presented enough evidence to create a factual dispute as to the quality of her performance. Furthermore, the Court questions whether the issue of "morale" as described by Hendricks and Fowler in their depositions is accurately described as "insubordination." Further factual development is necessary.

**B.    FLSA**

   *1.    Allegations of the Complaint*

First, Defendant argues that Plaintiff's Complaint [1] is fatally flawed insofar as she alleged that she "was never compensated for over-time hours," while she later testified in deposition that she was compensated for some overtime but not for all of it. Defendant contends that Plaintiff's "admission" that she was, in fact, compensated for some overtime hours creates a fatal flaw in Plaintiff's FLSA claim.

This argument has no merit. In paragraph 7 of the Complaint [1], Plaintiff alleged: "Fairchild was routinely required to work in excess of 40 hours per week. Fairchild did not receive over-time compensation as required by the Fair Labor Standards Act . . . ." In paragraph 8, she stated: "Fairchild was never compensated for over-time hours." These allegations can be fairly interpreted to encompass a claim that Plaintiff worked some overtime hours for which Defendant failed to compensate her, which is what Plaintiff testified.

   *2.    Administrative Capacity Exemption*

Next, Defendant argues that Plaintiff is exempt from the FLSA's overtime

6

compensation requirements under the FLSA's "administrative capacity" exemption. *See* 29 U.S.C. § 213(a)(1). Different types of findings are required when determining an employee's exemption status under the FLSA. The Court "first asserts findings of historical fact, which include such findings as whether the employer controlled the number of hours the employee worked." *Lott v. Howard Wilson Chrysler-Plymouth, Inc.*, 203 F.3d 326, 331 (5th Cir. 2000); *see also Mando v. C.A.L. Realty Group, Inc.*, No. 1:06-CV-698-LG-RHW, 2007 U.S. Dist. LEXIS 42361, at *4 (S.D. Miss. June 11, 2007). Second, the Court "must make inferences from the facts in applying the regulations and interpretations . . . ." *Lott*, 203 F.3d at 331. "Lastly, the district court must make the ultimate determination of whether an employee was exempt." *Id.*; *see also Cheatham v. Allstate Ins. Co.*, 465 F.3d 578, 584 (5th Cir. 2006). While the ultimate question of whether the employee is exempt from the FLSA's overtime compensation provisions is a question of law, subsidiary questions regarding her employment history are questions of fact. *Cheatham*, 465 F.3d at 584-86; *Tyler v. Union Oil Co.*, 304 F.3d 379, 402-03 (5th Cir. 2002); *Lott*, 203 F.3d at 330-31; *Smith v. Jackson*, 954 F.2d 296, 298 (5th Cir. 1992); *Mando*, 2007 U.S. Dist. LEXIS 42361 at *4.

On this issue, the undersigned judge agrees with the opinion entered by United States District Judge Tom Lee in *Welch v. All American Check Cashing, Inc.*, No. 3:13-CV-271-TSL-JCG (S.D. Miss. August 12, 2014), ECF No. 99. After considering the admissible evidence in the record, the Court concludes that neither party is entitled to summary judgment on this issue. The pertinent regulations contemplate a fact-intensive analysis of the "work performed by the employee." 29 C.F.R. § 541.201(a); *see*

7

*also* 29 C.F.R. §§ 541.200, 202-03, 700, 703. The Court requires further development of the facts related to Plaintiff's job requirements and performance before it can render a judgment on this issue.

    3.    *Number of Uncompensated Overtime Hours*

Finally, Defendant argues that Plaintiff can not prove the specific number of hours she worked and, therefore, can not prove what she is allegedly owed. The Fifth Circuit explained the applicable standard of proof:

> An employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate.

*Marshall v. Partida*, 613 F.2d 1360, 1363 (5th Cir. 1980) (citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88, 66 S. Ct. 1187, 1192, 90 L. Ed. 1515 (1946)). Phrased differently, a factfinder must be able to "reasonably infer the amount of damages based upon the activities in question and the number of days worked" from Plaintiff's evidence. *Von Friewalde v. Boeing Aero. Operations, Inc.*, 339 F. App'x 448, 458 (5th Cir. 2009). But "*de minimis*" claims do not "constitute sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference . . . ." *Id.* at 459.

Here, Plaintiff presented computer activity reports [90-9] which show the dates and times upon which she used her computer at work. Plaintiff contends that these

reports demonstrate that she worked at least 463 hours of overtime from December 2011 through September 2012. This evidence – which Defendant failed to address in briefing – creates a genuine dispute of material fact as to the number of hours Plaintiff worked.

## C.    *Damages*

In pertinent part, the Civil Rights Act provides that "[i]n an action brought by a complaining party [under Title VII] . . . the complaining party may recover compensatory and punitive damages . . . ." 42 U.S.C. § 1981a(a)(1).

### 1.    *Punitive Damages*

"A complaining party may recover punitive damages under [Title VII] . . . if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or reckless indifference to federally protected rights of an aggrieved individual." 42 U.S.C. § 1981a(b)(1).

> This is a higher standard than the showing necessary for compensatory damages, satisfied in only a subset of cases involving intentional discrimination. Thus, not every sufficient proof of pretext and discrimination is sufficient proof of malice or reckless indifference. Moreover, even if particular agents acted with malice or reckless indifference, an employer may avoid vicarious punitive damages liability if it can show that it made good-faith efforts to comply with Title VII. Given these stringent standards, a plaintiff faces . . . a formidable burden in seeking punitive damages for employment discrimination.

*EEOC v. Boh Bros. Constr. Co., LLC*, 731 F.3d 444, 467 (5th Cir. 2013) (punctuation and citations omitted). "Ultimately, the terms 'malice' and 'reckless indifference' focus on the actor's state of mind. Both pertain to the employer's knowledge that it may be acting in violation of federal law, not its awareness that it is engaging in

discrimination." *Id.* "Even intentional discrimination may not meet this standard where the employer is unaware of the relevant federal prohibition or discriminates with the distinct belief that its discrimination is lawful."

Plaintiff presented a portion of Defendant's employee handbook [90-15], which provides, in relevant part: "All American firmly believes in, and is committed to, a policy of equal employment opportunity for all. In full support of this policy, we are committed to . . . [r]ecruit, hire and promote all job classifications without regard to race, color, religion, age, national origin, sex, disability or status as a disabled veteran . . . ." The handbook further provides that Defendant will "[i]nsure that all personnel actions . . . will be administered without regard to race, color, religion, age, national origin, sex, disability or status as a disabled veteran . . . ." The Court finds this evidence sufficient to create a genuine dispute of material fact as to whether Defendant acted with malice or reckless indifference to Plaintiff's federally protected rights. Therefore, the Court must deny Defendant's motion for summary judgment as to punitive damages.

    2. *Mental and Emotional Damages*

"Compensatory damages for emotional distress and other intangible injuries are not presumed from the mere violation of constitutional or statutory rights, but require specific individualized proof, including how . . . Plaintiff was personally affected by the discriminatory conduct and the nature and extent of the harm." *Decorte v. Jordan*, 497 F.3d 433, 442 (5th Cir. 2007). "[I]n many cases, a claimant's testimony alone may not be sufficient to support anything more than a nominal damage award. Nevertheless,

10

corroborating testimony and medical evidence is *not* required in *every* case involving compensatory damages." *Id.* (punctuation and citation omitted, emphasis original). The Fifth Circuit has, in fact, upheld substantial emotional damage awards based on nothing but a plaintiff's testimony. *See Forsyth v. City of Dallas*, 91 F.3d 769, 774 (5th Cir. 1996) (upheld $100,000 emotional damage award); *Oden v. Oktibbeha County, Miss.*, 246 F.3d 458, 470-71 (5th Cir. 2001) (upheld $75,000 emotional damages award); *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1046 (5th Cir. 1998) (upheld $5,000 in emotional damages).

Plaintiff testified [90-3] that she complained to a doctor about stress. She further testified that she suffered from insomnia, pounding in her chest, and the premature birth of a child. She contends that all of these symptoms were caused, at least in part, by the stress from losing her job. Defendant argues that the stress was actually caused by other matters related to Plaintiff's marriage and family, and Defendant presented an expert's opinion that Plaintiff's complaints related to her pregnancy had no connection to the termination of her employment.

Plaintiff's testimony is sufficient to create a genuine dispute of material fact as to whether Defendant's termination of her employment caused her to suffer emotional and mental damages, and the extent of her alleged damages. Defendant's motion for summary judgment on this issue must be denied.[3]

---

[3]The parties did not address – and, therefore, the Court will not presently address – Title VII's cap on damages for nonpecuniary and punitive damages. *See* 42 U.S.C. § 1981a(b)(3); *Black*, 646 F.3d at 264.

    *3.    Lost Wages*

Finally, Defendant argues that Plaintiff presented no evidence of lost wages. The Court rejects this argument for the same reasons stated above. Plaintiff's computer activity reports [90-9] are sufficient to create a genuine dispute of material fact on this issue.

### III. PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT [77]

For the same reasons provided above, the Court **denies** Plaintiff's Motion for Partial Summary Judgment [77] on the question of exemption from the FLSA's overtime compensation requirement.

### IV. CONCLUSION

For all of the reasons stated above, the Court **denies** Defendant's Motion for Summary Judgment [75] and **denies** Plaintiff's Motion for Partial Summary Judgment [77].

SO ORDERED AND ADJUDGED this 15th day of August, 2014.

                                      *s/ Keith Starrett*
                            UNITED STATES DISTRICT JUDGE