## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## EASTERN DIVISION

**AMBREA FAIRCHILD**                                                                             **PLAINTIFF**

**V.**                                           **CIVIL ACTION NO. 2:13-CV-92-KS-MTP**

**ALL-AMERICAN CHECK CASHING, INC.**                             **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

For the reasons stated below, the Court **grants in part and denies in part** Defendant's Motion in Limine [150] to Exclude Evidence of Financial Damages, and **grants** Defendant's Motion in Limine [152] to Exclude Discussion of Investigation.

### A.  *Financial Damages [150]*

Plaintiff failed to timely produce certain documents responsive to Defendant's discovery requests and relevant to the issue of Plaintiff's alleged financial damages. She provided the documents to Defendant four weeks after the discovery deadline, on the eve of the motions deadline. Defendant filed a Motion to Preclude [79] Plaintiff's reliance upon the documents on dispositive motions or at trial. Plaintiff notified the Court that she did not intend to rely on the documents, and the Court granted [91] the motion as unopposed.

Defendant now argues that Plaintiff may not offer any evidence of "financial stress" that occurred after her termination because such evidence is "inextricably tied" to the excluded documents. In response, Plaintiff argues that although she does not intend to rely on the excluded documents, she may rely on other evidence – such as her

own testimony and any other evidence disclosed during discovery – to support her claim that termination caused her to suffer "emotional/financial distress."

Defendant cited no authority in support of its argument that Plaintiff must have financial documentation – tax returns, banking records, utility and mortgage statements, etc. – to support a claim for emotional damages arising from financial stress after termination. As the Court previously noted, the Fifth Circuit has upheld significant emotional/mental damage awards based on nothing but a plaintiff's testimony. *Fairchild v. All Am. Check Cashing, Inc.*, No. 2:13-CV-92-KS-MTP, 23 Wage & Hour Cas. 2d (BNA) 427, 2014 U.S. Dist. LEXIS 113653, at *13 (S.D. Miss. Aug. 15, 2014) (citing multiple cases). In the absence of binding and/or persuasive authority to the contrary, Plaintiff may present her own testimony and any other previously disclosed evidence regarding her alleged "emotional/financial distress."

Therefore, the Court grants Defendant's Motion in Limine [150] to Exclude Evidence of Financial Damages with respect to the specific documents already addressed in the Court's Order [91] of June 3, 2014, but the Court denies it in all other respects.

## B. *Investigation [152]*

Defendant is the subject of an ongoing investigation by the Mississippi Department of Banking and Consumer Finance into violations of various payday lending statutes. Defendant argues that any evidence or argument regarding this investigation should be excluded from trial because it is irrelevant to Plaintiff's claims, and would be more prejudicial than probative. In response, Plaintiff claims that the

investigation concerns illegal fees charged to Defendant's customers which provide the basis for bonuses paid to its employees. Plaintiff argues that the investigation is relevant because Defendant contends that Plaintiff qualified for the "administrative capacity" exemption from the FLSA's overtime compensation requirements, *see* 29 U.S.C. § 213(a)(1), and one factor in determining whether an employee qualifies for the exemption is their level of compensation. *See* 29 C.F.R. §§ 541.200.

Plaintiff's compensation is relevant to the claims and defenses in this case, but Plaintiff has not demonstrated that the investigation is relevant. Even if Plaintiff received bonuses derived from illegal fees, the illegality of the fees has no bearing on the factual question of her compensation. The probative value of such evidence is greatly outweighed by its potential prejudicial effect. FED. R. EVID. 403. The Court grants Defendant's Motion in Limine [152] to Exclude Discussion of Investigation.

## C. *Conclusion*

For these reasons, the Court **grants in part and denies in part** Defendant's Motion in Limine [150] to Exclude Evidence of Financial Damages, and **grants** Defendant's Motion in Limine [152] to Exclude Discussion of Investigation.

SO ORDERED AND ADJUDGED this 3rd day of December, 2014.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE