IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

AMBREA FAIRCHILD                                            PLAINTIFF

V.                                   CIVIL ACTION NO. 2:13-CV-92-KS-MTP

ALL-AMERICAN CHECK CASHING, INC.                           DEFENDANT

MEMORANDUM OPINION AND ORDER

For the reasons provided below, the Court **grants** Defendant's Motions in Limine to Exclude [154, 156] the testimony of Erin Petty and Alyssa Munn concerning comments made by Nathan Williams about Briana Johnson's termination.

*A.    Background*

Erin Petty and Alyssa Munn are former employees of Defendant. They worked in Defendant's Pascagoula branch. Their area supervisor was Nathan Williams. Williams was also the supervisor for the Wiggins branch, where Briana Johnson – the plaintiff in another pregnancy discrimination lawsuit against Defendant[1] – was the manager.[2] Johnson was fired. Petty claims [124-1] that she asked Williams why Johnson was fired, and that he said Johnson was fired because she "picked family over All American and that she was no good to All American pregnant." Munn claims [124-2] to have overheard this conversation.

---

[1]*See* Complaint, *Johnson v. All American Check Cashing, Inc.*, No. 3:13-CV-270-WHB-RHW (S.D. Miss. May 7, 2013), ECF No. 1.

[2]Plaintiff was manager of the Hattiesburg branch, and Mark Hendricks was her supervisor.

Plaintiff wants to introduce Petty and Munn's testimony in support of her pregnancy discrimination claim. Among other things, Defendant argues that their testimony is irrelevant to Plaintiff's discrimination claim because it pertains to Johnson's termination. In response, Plaintiff argues that Petty and Munn's testimony is admissible as evidence of a pattern or practice of pregnancy discrimination, and as evidence of discriminatory animus.

**A.      *Anecdotal Evidence of a Pattern or Practice***

In some situations, a plaintiff may be able to carry her burden by proving the existence of a "pattern or practice" of discrimination by her employer. *Wyvill v. United Cos. Life Ins. Co.*, 212 F.3d 296, 302-03 (5th Cir. 2000). "A 'pattern or practice' of discrimination does not consist of isolated or sporadic discriminatory acts by the employer. Rather, . . . it must be established by a preponderance of the evidence that the impermissible discrimination was the company's standard operating procedure – the regular rather than the unusual practice." *Id.* at 302.

> Anecdotes about other employees cannot establish that discrimination was a company's standard operating procedure unless those employees are similarly situated to the plaintiff. This court and others have held that testimony from former employees who had different supervisors than the plaintiff, who worked in different parts of the employer's company, or whose terminations were removed in time from the plaintiff's termination cannot be probative of whether [an impermissible factor] was a determinative factor in the plaintiff's discharge.

*Id.*

In the Court's opinion, Plaintiff has not provided sufficient evidence to demonstrate that Briana Johnson – the subject of Petty and Munn's testimony – was

similarly situated to Plaintiff. First, Johnson worked at a different branch than Plaintiff. Next, Williams was not Plaintiff's supervisor. Plaintiff admits in briefing that Williams decided to terminate Johnson, while Mark Hendricks decided to terminate Plaintiff. Plaintiff suggests in briefing that both terminations were "approved" by Michael Gray, but she cited no evidence in support of this allegation.

For these reasons, the Court finds that Petty and Munn's testimony concerning Nathan Williams's comments about Briana Johnson is not probative of Plaintiff's discrimination claim. *See Id.*; *Hardy v. Shell Chem. Co.*, 693 F. Supp. 2d 611, 622-23 (E.D. La. 2010) (where plaintiff did not demonstrate that he was similarly situated to other alleged victims of discrimination, anecdotal evidence was not probative of his claims); *Jackson v. Univ. of Tex. M.D. Anderson Cancer Ctr.*, 172 F. Supp. 2d 860, 878-79 (S.D. Tex. 2001) (where plaintiff worked in different department than another alleged victim of discrimination, anecdotal evidence of that other victim was not probative of discrimination against plaintiff).

## B.    *Comment Indicating Discriminatory Animus*

Plaintiff also argues that Williams's comment indicates discriminatory animus. "For comments in the workplace to provide sufficient evidence of discrimination, they must be 1) related to the protected class of persons of which the plaintiff is a member; 2) proximate in time to the terminations; 3) made by an individual with authority over the employment decision at issue; and 4) related to the employment decision at issue." *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 222 (5th Cir. 2001). For such remarks to be indicative of discrimination, the speaker must be either "principally responsible

for the plaintiff's firing" or have "such influence over the decision maker that his animus properly may be imputed to the decision maker." *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 899-900 (5th Cir. 2002). Such comments must also be "direct and unambiguous, allowing a reasonable jury to conclude without any inferences or presumptions that [a protected characteristic] was a determinative factor in the decision to terminate the employee." *Wyvill*, 212 F.3d at 304.

As explained above, Nathan Williams was not Plaintiff's supervisor, and Plaintiff has not cited any evidence showing that he influenced the decision to fire her. Additionally, his comments concerned Briana Johnson – not Plaintiff. Accordingly, Petty and Munn's testimony on this point is not probative of Plaintiff's discrimination claim. *Cf. Sandstad*, 309 F.3d at 900 (comment made by third party, rather than manager responsible for plaintiff's firing, was not probative of discriminatory intent).

## C. *Conclusion*

For these reasons, the Court **grants** Defendant's Motions in Limine to Exclude [154, 156] the testimony of Erin Petty and Alyssa Munn concerning comments made by Nathan Williams about Briana Johnson's termination.

SO ORDERED AND ADJUDGED this 4th day of December, 2014.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE