IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**AMBREA FAIRCHILD**                                                                      **PLAINTIFF**

**V.**                                                   **CIVIL ACTION NO. 2:13-CV-92-KS-MTP**

**ALL-AMERICAN CHECK CASHING, INC.**                                       **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

For the reasons provided below, the Court **grants** Defendant's Motions in Limine to Exclude [158, 160] reference to and evidence of the lawsuits filed by Jessica Lyn Welch[1] and Briana Fulton Johnson.[2]

Jessica Welch and Briana Johnson are former employees of Defendant. Welch was the manager of Defendant's branch in Slidell, Louisiana. Johnson was the manager of Defendant's branch in Wiggins, Mississippi. Their area supervisor was Nathan Williams. Both were pregnant. Both were fired within several weeks of one another. Both have filed lawsuits against Defendant for pregnancy discrimination. Defendant argues that evidence of their lawsuits is not probative of Plaintiff's pregnancy discrimination claim. In response, Plaintiff contends that evidence of the other lawsuits is admissible as evidence of a pattern or practice of discrimination.

As the Court previously discussed [171], a Title VII plaintiff may be able to carry

---

[1] *See* Complaint, *Welch v. All American Check Cashing, Inc.*, No. 3:13-CV-271-TSL-JCG (S.D. Miss. May 7, 2013), ECF No. 1.

[2] *See* Complaint, *Johnson v. All American Check Cashing, Inc.*, No. 3:13-CV-270-WHB-RHW (S.D. Miss. May 7, 2013), ECF No. 1.

her burden by proving the existence of a "pattern or practice" of discrimination by her employer. *Wyvill v. United Cos. Life Ins. Co.*, 212 F.3d 296, 302-03 (5th Cir. 2000). "A 'pattern or practice' of discrimination does not consist of isolated or sporadic discriminatory acts by the employer. Rather, . . . it must be established by a preponderance of the evidence that the impermissible discrimination was the company's standard operating procedure – the regular rather than the unusual practice." *Id.* at 302.

> Anecdotes about other employees cannot establish that discrimination was a company's standard operating procedure unless those employees are similarly situated to the plaintiff. This court and others have held that testimony from former employees who had different supervisors than the plaintiff, who worked in different parts of the employer's company, or whose terminations were removed in time from the plaintiff's termination cannot be probative of whether [an impermissible factor] was a determinative factor in the plaintiff's discharge.

*Id.* "The question of whether evidence of discrimination by other supervisors is relevant in an individual [discrimination] case is fact based and depends on many factors, including how closely related the evidence is to plaintiff's circumstances and theory of the case." *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 388, 128 S. Ct. 1140, 170 L. Ed. 2d 1 (2008).

Here, Plaintiff has not provided sufficient evidence to demonstrate that Jessica Welch and Briana Johnson were similarly situated to her. Plaintiff worked in Defendant's Hattiesburg branch, while Welch and Johnson worked in Wiggins and Slidell. Plaintiff was fired by her area supervisor, Mark Hendricks. Welch and Johnson were fired by their area supervisor, Nathan Williams. Although Plaintiff alleges that

Defendant's President, Michael Gray, approved all three terminations, she has not cited any evidence demonstrating that he was the actual decision maker. Likewise, she has not cited any evidence connecting Plaintiff's termination to the terminations of Welch and Johnson, beyond temporal proximity and the fact that all three women were pregnant. Furthermore, Defendant has alleged different justifications for the three terminations.

Accordingly, the Court finds that Plaintiff failed to demonstrate that evidence of the lawsuits filed by Jessica Welch and Briana Johnson is probative of her discrimination claim. *See Wyvill*, 212 F.3d at 302; *Hardy v. Shell Chem. Co.*, 693 F. Supp. 2d 611, 622-23 (E.D. La. 2010) (where plaintiff did not demonstrate that he was similarly situated to other alleged victims of discrimination, anecdotal evidence was not probative of his claims); *Jackson v. Univ. of Tex. M.D. Anderson Cancer Ctr.*, 172 F. Supp. 2d 860, 878-79 (S.D. Tex. 2001) (where plaintiff worked in different department than another alleged victim of discrimination, anecdotal evidence of that other victim was not probative of discrimination against plaintiff). The Court **grants** Defendant's Motions in Limine to Exclude [158, 160] argument, reference, or evidence of those lawsuits.

SO ORDERED AND ADJUDGED this 4th day of December, 2014.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE